**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

NORIEL SNIDER, )
 )
        Petitioner, )
   v. ) Civil Action
 ) No. 11-3064-CV-S-DW-H
JUAN CASTILLO,[1] )
 )
        Respondent. )

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636 (b). Because petitioner has not exhausted administrative remedies and because this Court is without jurisdiction to entertain his claims, it must be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges his federal sentence was improperly enhanced because his state offenses were invalid.

After a Show Cause Order, a Response was filed. Subsequently, counsel for petitioner filed a motion to withdraw. Petitioner was afforded additional time to file a traverse, which he did, in which he asserts that it would be futile to exhaust administrative remedies. He contends that his issue is that his federal sentence has been improperly enhanced because he pled guilty to state charges, which were not in effect at the time because the state statute have been revised.

According to respondent, petitioner has not exhausted administrative remedies on these

---

[1] The name of the current warden at the Medical Center, Juan Castillo, has been substituted for that of the former warden, Marty C. Anderson.

issues, and a review of the record supports this position. The law is clear that petitioner must exhaust available administrative remedies. Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). Because petitioner has failed to exhaust administrative remedies, it must be recommended that he be denied relief to proceed in forma pauperis.

Additionally, even if petitioner had exhausted administrative remedies in this case, this Court does not have jurisdiction to entertain his claims pursuant to 28 U.S.C. § 2241, unless he can establish that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective. Relief is not available pursuant to 28 U.S.C. § 2241 because, in order to attack his federal sentence, he must do so in the sentencing court, pursuant to 28 U.S.C. § 2255. In this case, respondent indicates that petitioner has a case pending in the sentencing court, the Eastern District of Missouri. Therefore, petitioner cannot show that the § 2255 remedy is inadequate or ineffective. Petitioner also cannot seek federal habeas relief to attack the validity of his state convictions, pursuant to 28 U.S.C. § 2254, because he is no longer in state custody on those convictions. Because this Court does not have jurisdiction to review petitioner's claims, it must be recommended that he be denied relief to proceed in forma pauperis.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[2]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the

---

[2] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.

petition herein for a writ of habeas corpus be, and is hereby, dismissed without prejudice.


                              /s/ James C. England  
                              JAMES C. ENGLAND  
                              UNITED STATES MAGISTRATE JUDGE


Date:  8/30/11